```
WO                                                              SC
```

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Anthony Walker, | No. CV 19-01583-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Penzone, et al., | |
| Defendants. | |

Plaintiff Mark Anthony Walker, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court granted the Application to Proceed but dismissed the Complaint with leave to amend because it failed to state a claim. Plaintiff filed a First Amended Complaint (Doc. 9), which the Court dismissed with leave to amend because it failed to state a claim (Doc. 10). Plaintiff has filed a Second Amended Complaint (Doc. 11). The Court will grant Plaintiff 120 days in which to learn the identity of Defendant Doe and file a Notice of Substitution and will dismiss the remaining Defendant.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

1  relief may be granted, or that seek monetary relief from a defendant who is immune from
2  such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     Second Amended Complaint

Plaintiff alleges one count for a threat to his safety.  Plaintiff sues an unknown Maricopa County Detention Officer, John Doe, and the Maricopa County Sheriff's Office (MCSO).  Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts:

At relevant times, Plaintiff had Type 1 diabetes and had limited mobility on his left

1 side due to a stroke and complications from his diabetes. On January 30, 2019, Plaintiff was booked into the Fourth Avenue Jail and taken to the medical unit, where it was determined, or confirmed, that he had Type 1 Diabetes. Following the medical evaluation, Plaintiff was assigned a lower tier lower bunk.

On February 26, 2019, Doe came to Plaintiff's cell and told him that he had to move to an upper bunk. Plaintiff told Doe that he had "lower bunk clearance" but Doe "said no." Plaintiff then told Doe that attempting to climb to the upper bunk was not safe for him and that he could hurt himself. Plaintiff also suggested that he be moved to Cell 14, which was empty, instead. Doe refused. Plaintiff was assisted to the top bunk by other prisoners. The next day, Officer Piric and Nurse Pat came to Plaintiff's cell to give him his insulin. As Plaintiff attempted to climb down from the top bunk, he fell and hurt his back, legs, and feet and was unable to walk. Doe and a third shift sergeant helped Plaintiff move to Cell 14. Plaintiff was transferred to the Arizona Department of Corrections a day or two later. Plaintiff alleges that the absence of ladders to reach and climb down from the top bunks posed a threat to his and other prisoners' safety, particularly prisoners with serious medical problems. Plaintiff has recurring pain and very limited mobility.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

The Maricopa County Sheriff's Office is not a proper defendant because it is a "non-jural entity." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)). In Arizona, the

responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101. The sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's Office will be dismissed from this action.

**IV.     Service on Doe Will Not Be Required at this Time**

Plaintiff sufficiently alleges facts to state a threat-to-safety claim against John Doe. Although Plaintiff has stated a claim against Defendant Doe, the Court will not require service on Defendant Doe at this time because it is, in most instances, impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant. However, the Court will not dismiss the claim against Defendant Doe at this time.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual name of Defendant Doe, through subpoena or otherwise, and to substitute Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss without prejudice Defendant Doe if Plaintiff fails to timely file a Notice of Substitution, unless Plaintiff seeks and is granted an extension of time.

**V.     Warnings**

**A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may

result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff has **120 days** from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of Defendant John Doe, *and* to file a Notice of Substitution for Defendant Doe.

(2)     The Clerk of Court must issue one subpoena in blank and send it to Plaintiff.

///
///
///
///
///

JDDL

- 5 -

(3) The Clerk of Court may enter a judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a Notice of Substitution within 120 days for Defendant Doe, unless Plaintiff seeks and is granted an extension of time.

Dated this 3rd day of December, 2019.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge