# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Walker,<br><br>    Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>    Defendants. | No. CV 19-01583-PHX-MTL (ESW)<br><br><br>**ORDER** |

      Plaintiff Mark Anthony Walker, who is currently confined in the Arizona State Prison Complex-San Luis, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 11.) Defendant moves for summary judgment based on Plaintiff's failure to exhaust available administrative remedies (Doc. 31), and Plaintiff did not file a response.[1]

**I.    Background**

      In his Second Amended Complaint, Plaintiff relevantly alleged as follows:

> On January 30, 2019, Plaintiff was booked into the Fourth Avenue Jail and taken to the medical unit, where it was determined, or confirmed, that he had Type 1 Diabetes. Following the medical evaluation, Plaintiff was assigned a lower tier lower bunk. On February 26, 2019, [Grace] came to Plaintiff's cell and told him that he had to move to an upper bunk. Plaintiff told [Grace] that he had "lower bunk clearance" but [Grace] "said no." Plaintiff then told [Grace] that attempting to climb to the upper bunk was not safe for him and

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) regarding the requirements of a response. (Doc. 35.)

> that he could hurt himself. Plaintiff also suggested that he be moved to Cell 14, which was empty, instead. [Grace] refused. Plaintiff was assisted to the top bunk by other prisoners. The next day, Officer Piric and Nurse Pat came to Plaintiff's cell to give him his insulin. As Plaintiff attempted to climb down from the top bunk, he fell and hurt his back, legs, and feet and was unable to walk. [Grace] and a third shift sergeant helped Plaintiff move to Cell 14. Plaintiff was transferred to the Arizona Department of Corrections a day or two later. Plaintiff alleges that the absence of ladders to reach and climb down from the top bunks posed a threat to his and other prisoners' safety, particularly prisoners with serious medical problems. Plaintiff has recurring pain and very limited mobility.

(Doc. 14 at 3.) On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a threat-to-safety claim against Grace. (*Id.* at 4.)

Defendant asserts that he is entitled to summary judgment because Plaintiff failed to properly exhaust his available administrative remedies.

## II. Legal Standards

### A. Summary Judgment

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th

Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

**B.     Exhaustion**

Under the Prison Litigation Reform Act, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate

if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

**III.    Facts**[2]

Under Maricopa County Sheriff's Office (MCSO) Policy DJ-3, Inmate Grievance Procedure, an inmate with a complaint must submit an Inmate Grievance Form within 48 hours of the event being grieved to an officer in an attempt to resolve the issue. (Doc. 32 ¶ 6.) At the direction of a supervisor, the detention officer will attempt to resolve the issue if it is within the officer's control. (*Id.* ¶ 7.) The Shift Supervisor and Shift Commander, if necessary, will attempt to resolve the grievance. (*Id.* ¶ 8.) If the grievance is unresolved, within seven days of receiving the grievance, the Shift Commander forwards it to the Bureau Hearing Unit Sergeant. (*Id.* ¶ 9.)

The Bureau Hearing Unit Sergeant has 11 working days to resolve the grievance. (*Id.* ¶ 10.) If the Bureau Hearing Unit Sergeant does not resolve the grievance, then the inmate has 24 hours from that sergeant's response to file an Institutional Grievance Appeal. (*Id.* ¶ 11.) The Jail Commander has seven working days to respond to the Institutional Grievance Appeal. (*Id.* ¶ 12.) If the inmate's grievance appeal is not resolved by the Jail Commander, then the inmate may appeal within 24 hours. (*Id.* ¶ 13.)

The Bureau Hearing Unit Commander then has seven calendar days to review and determine whether the grievance is going to go forward to the External Referee or end the grievance process. (*Id.* ¶ 14.) The External Referee has 25 calendar days to respond. (*Id.* ¶ 15.) The External Referee's response ends the grievance process. (*Id.* ¶ 16.)

The MCSO has no record of Plaintiff filing a grievance on the issues of the alleged bunk reassignment or the alleged fall. (*Id.* ¶ 23.) MCSO records show that Plaintiff was

---

[2] Because Plaintiff did not file a response or controverting statement of facts, the Court will consider Defendant's facts undisputed unless they are clearly controverted by Plaintiff's first-hand allegations in the verified First Amended Complaint. Where the nonmovant is a pro se litigant, the Court must consider as evidence in opposition to summary judgment all the nonmovant's contentions set forth in a verified complaint or motion. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

moved from his housing unit for transfer to the Arizona Department of Corrections at approximately 11:40 p.m. on March 3, 2020. (*Id.* ¶ 30.)

Plaintiff filed his original complaint with this Court alleging facts about the February 26 and 27, 2019 incidents on March 1, 2019. (Doc. 1 at 6.) Plaintiff filed his Complaint on the Court's form, which contains a section asking if Plaintiff exhausted his available administrative remedies. In that section, Plaintiff wrote that the jail has an administrative remedy process, but Plaintiff stated that he did not use it because he was moved to a lower bunk and "relief sought for [negligent] care is not offered by administrative remedies." (Doc. 1 at 3.) On his First and Second Amended Complaint forms, Plaintiff indicated that he did not exhaust his available administrative remedies because he was transferred to the Department of Corrections during the process. (Doc. 9 at 3; Doc. 11 at 3.)

**IV. Discussion**

Defendant argues that he is entitled to summary judgment because Plaintiff did not properly exhaust his available administrative remedies, Plaintiff originally filed this lawsuit with allegations based on the same facts as his threat-to-safety claim while he was still in the jail, Plaintiff did not file his Inmate Grievance Form within the 48-hour period required by the jail's grievance procedure even though he had not yet been transferred to ADC, and Plaintiff's contention that he did not need to complete the grievance process because there was not an available remedy for him is foreclosed by *Booth v. Churner*, 532 U.S. 731, 741 (2001).

It is undisputed that Plaintiff did not follow the jail's grievance procedure and that Plaintiff had an opportunity to file his Inmate Grievance Form within 48 hours of the incident prior to any transfer to ADC. As such, Defendant has shown that the grievance process was available to Plaintiff and he failed to properly follow the steps it set forth. *See Woodford*, 548 U.S. at 90-91 (proper exhaustion requires "using all steps that the agency holds out, and doing so properly" and "[p]roper exhaustion demands compliance with the agency's deadlines and other critical procedural rules."). Indeed, Plaintiff filed this action

before his transfer to ADC, demonstrating that he could have begun the grievance procedure prior to his transfer to ADC. Moreover, even if Plaintiff somehow exhausted after filing this action, because Plaintiff brought this lawsuit prior to exhaustion, the Court must find that Plaintiff did not properly exhaust prior to filing the lawsuit. *See* 42 U.S.C. § 1997e(a); *Vaden*, 449 F.3d at 1050 ("The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of [42 U.S.C. § 1997e(a)] to let him submit his complaint any earlier than that.").

Finally, even if the Court took Plaintiff's unsupported allegation that "relief sought for [negligent] care is not offered by administrative remedies" as true, this would not excuse Plaintiff's failure to exhaust because exhaustion is mandatory "regardless of the relief offered through administrative procedures." *Booth*, 532 U.S. at 741.

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted.

**IT IS ORDERED:**

(1)  The reference to the Magistrate Judge is withdrawn as to Defendant's Motion for Summary Judgment (Doc. 31).

(2)  Defendant's Motion for Summary Judgment (Doc. 31) is **granted**, and the action is terminated without prejudice for failure to properly exhaust available administrative remedies. The Clerk of Court must enter judgment accordingly.

Dated this 16th day of February, 2021.

Michael T. Liburdi
United States District Judge